MOSES MALOY v. RICHARD AND MARY SLOAN.

[IN CHANCERY.]

*Contract. Specific Performance. Partition. Injunction.*

To entitle a party to a decree for a specific performance of a contract, he must clearly establish the contract.

It being conceded that the orator paid the entire purchase money, for a piece of land, but took the conveyance jointly to himself and his sister, on her agreement to pay him one-half of the same; and that he paid the taxes on the premises, and permanently improved them, by erecting buildings, and clearing up the land: it was *held* that she was not entitled to have half the land set off to her, without paying half of the purchase money, and for half the improvements; and an accounting was ordered; and that the defendant's suit at law for a partition be perpetually enjoined if the defendants should fail to pay the sum found due the orator, within the time and in the manner ordered by the court of chancery.

BILL IN CHANCERY. The material averments of the bill were as follows:

That John Maloy, of St. Albans, deceased, about the *first* of November, 1848, leaving an estate, consisting of a piece of land of about 17½ acres, in St. Albans, and which was appraised at the sum of $262.50, which was its true value; that there was a mortgage thereon to James M. Haynes for about the sum of $117; that claims were allowed by the commissioners on said estate to the amount of $80.94; that George G. Hunt was appointed administrator; that the orator, and the defendant, Mary Sloan, were the only brother and sister, and the only heirs of said John; that on the 3d day of March, 1852, the orator purchased said land of the administrator, and took an administrator's deed therefor, for the sum of $250.12, and paid the same by paying said mortgage, and paying the debts allowed against the estate, and the administration expenses; that the defendant, Mary, was married to the defendant, Richard Sloan, about the 15th day of January, 1857; that the orator made said purchase, and took the deed to him and said Mary, upon the agreement between them at the time, that said Mary should pay one-half the purchase price paid, as aforesaid, by the orator, and one-half of some other debts, to the amount of $20, not allowed by commissioners, but which the orator and Mary

thought ought to be paid, and which the orator did pay; that neither said Mary, nor any one in her behalf, ever paid any portion of said money so paid by the orator for said land, but she has ever refused so to do; that said land is subject to an annual rent of 12½ cents per acre, which the orator has always paid; that the orator went into possession of said land, and built a barn thereon, at the cost of $135, and made other permanent improvements by clearing up the land, &c., all at his own expense, and also paid all the taxes thereon; that when said Mary married, as aforesaid, the orator paid her $30, in cash, one cow of the value of $45, one yearling of the value of $12, one hog of the value of $6, two quarters of beef of the value of $12, and all the household furniture which the orator then had, all which said Mary then and there received, and in consideration thereof, agreed to convey to the orator by quit-claim deed whatever interest she had in and to said land, but has refused so to do, though often requested; that at the time of said agreement, said Mary gave up to the orator the sole and exclusive possession of said land, and he has so held the same ever since; that on the 10th day of June, 1864, said Richard and Mary Sloan prayed out their petition for partition of said land, against the orator, and that they claim that said land should be divided between the orator and said Mary, and they threaten to prosecute the same to final judgment.

PRAYER, that the defendants may be perpetually enjoined and restrained from taking any further proceedings in relation to the division of said land, and that they be ordered to convey all their interest therein, by quit-claim deed, and for further relief. The defendants in their answer denied said alleged agreement of said Mary to convey said land to the orator; or that she had ever been paid anything for her interest therein; alleged that said land was worth much more than the said appraisal, and is now worth $1700; denied that the orator purchased said land, but alleged that the same was conveyed to the orator and Mary by the administrator, because they were entitled to the same as the heirs of said John Maloy, with the understanding that they were to pay the debts against said estate; alleged that the orator and Mary went into possession together, at the time of the conveyance to

them, and she kept house for the orator, and contributed towards the debts and improvements aforesaid, by labor and otherwise, to the extent of her share ; alleged that the orator had agreed to settle all matters with said Mary, and that before commencing the partition suit, the defendants applied to the orator to purchase their interest in said land, or make partition between them, but the orator neglected so to do ; insisted that the statute of limitations had run upon all supposed promises of the defendants in respect to said land. The defendants admitted most of the other averments of the bill. The bill was made returnable to April term, Franklin county court of chancery, 1865.

The answer was traversed, and testimony taken, and the cause was heard at the September term, 1870, WILSON, chancellor, when it was ordered and decreed, *pro forma,* that the bill be dismissed, with cost to the defendants ; from which decree the orator appealed.

*Edson & Rand,* for the orator.

*Royce & Hall,* for the defendants.

The opinion of the court was delivered by

ROSS, J.   We do not find the contract, which the orator claims to have made with the defendant, Mary, at the time of her marriage with the defendant, Richard, and which he seeks to have enforced by a decree of specific performance, established by the proof. The orator alone testifies to the contract. The defendant, Mary, as positively denies it. Mary Doan, before whom the parties, at one time, had some talk about the matter, corroborates the story and claim of the defendants rather than of the orator. To entitle the orator to a decree of specific performance, he must clearly establish the contract which he asks to have enforced. The orator having failed to establish the contract, we have no occasion for deciding whether the contract, if established, would have been barred by the statute of limitation.

The orator also claims that he is entitled to have the defendants' suit at law, for the partition of the premises, conveyed to him and

the defendant, Mary, by deed, from George S. Hunt, administrator on John Maloy's estate, enjoined, till the defendants shall have paid to him one half the purchase money of the premises, with interest, and one-half of the taxes and improvements made by him thereon, lessened by one half the rents and profits which he has received from the same. It is conceded that the orator paid the entire purchase money for the premises, but took the conveyance, jointly, to himself and his sister, Mary, on her agreement to pay him one half of the same; and that he has paid the taxes on the premises, and permanently improved them by erecting buildings and clearing up the land. It would be manifest injustice to allow the defendants, by a suit at law, to have half of the premises set off to them, without paying half of the purchase money, and for half of the improvements. The power of a court of chancery, in such cases, to order compensation to be made, and to stay proceedings at law until compensation is made, is clear and unquestionable. 1 Story's Eq. Jur. §§ 653 to 657; 2 do. §§ 1234 to 1237, and notes.

The *pro forma* decree of the chancellor dismissing the bill is reversed, and the cause remanded, with a mandate to the court of chancery to order an account taken between the orator and the defendant, Mary, in which the defendant Mary is to be charged with one half of the purchase money, with interest, adding to the sum paid to the administrator the other debts against John Maloy, which the orator paid, and which were not included in the sum paid to the administrator; also with one half of the taxes on the premises paid by the orator, with interest, and one half of the present value of the permanent improvements, including the buildings and the improved condition of the land, and also with the value of the property belonging to the orator, which the orator allowed her to take at the time of her marriage with the defendant, Richard, with interest. She is to be credited with whatever she has paid, if anything, towards the purchase money or improvements, by her labor while living with the orator, with one half of the rents, profits, and use of the premises in the condition they were when purchased; and also with one half of whatever wood or timber may have been sold or taken by the orator from the

premises. For whatever sum is thus found due to the orator from the defendant, Mary, the orator is to have a decree. The defendants' suit at law for a partition of said premises is to be perpetually enjoined, if the defendants shall fail to pay the sum thus found due to the orator by such a time, and in such a manner, as the court of chancery shall order. The temporary injunction is continued until such time as the defendants shall pay the sum found due, and ordered to be paid to the orator as compensation.